IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> LISTER HARRELL; SARALAND, ) <br> L.L.L.P; MIDDLE GEORGIA ) <br> ROAD BUILDERS, INC.; and ) <br> ROBERT SUTTON, ) <br> ) <br> Defendants. ) <br> ) | Case No. 3:12-cv-00111 JRH-BKE |

## CONSENT DECREE

WHEREAS, Plaintiff, the United States of America, on behalf of the United States Environmental Protection Agency ("EPA"), filed the Complaint herein against Defendants Lister Harrell, Saraland, L.L.L.P. ("Saraland," owner of the Site, as hereinafter defined), Middle Georgia Road Builders, Inc. ("MGRB"), and Robert Sutton (collectively, "Defendants"), alleging that Defendants violated Section 301(a) of the Clean Water Act ("CWA"), 33 U.S.C. § 1311(a);

WHEREAS, the Complaint alleges that Defendants violated CWA Section 301(a) by discharging dredged or fill material and/or controlling and directing the discharge of dredged or fill material into waters of the United States at a site located north of Ocmulgee Church Road, near the city of Eastman, in Dodge County, Georgia (the "Site") and more fully described in the Complaint, resulting in the creation of a dam and a related approximately 200-acre impoundment, without authorization by the United States Department of the Army ("the Corps");

WHEREAS, the Complaint seeks (1) to enjoin the discharge of pollutants into waters of the United States in violation of CWA Section 301(a), 33 U.S.C. § 1311(a); (2) to require Defendants, at their own expense and at the direction of EPA, to restore and/or mitigate the damages caused by their unlawful activities; and (3) to require Defendants to pay civil penalties as provided in 33 U.S.C. § 1319(d);

WHEREAS, the United States has previously obtained a default judgment against Lister Harrell, an individual, who is not a party to this Consent Decree;

WHEREAS, this Consent Decree is intended to constitute a complete and final settlement of the United States' claims – as set forth in the Complaint – against all named Defendants (hereinafter, "Settling Defendants") other than Lister Harrell;

WHEREAS, the United States and Settling Defendants agree that settlement of this case is in the public interest and that entry of this Consent Decree is the most appropriate means of resolving the United States' claims under the CWA against Settling Defendants in this case;

WHEREAS, the United States and Settling Defendants have previously entered into an Administrative Compliance Order on Consent (a copy of which is attached hereto as Appendix A, which was executed by EPA on February 11, 2015, and the requirements of which are incorporated herein by reference), providing, among other things, for appropriate restoration of the Site; and

WHEREAS, the Court finds that this Consent Decree is a reasonable and fair settlement of the United States' claims against Settling Defendants in this case, and that this Consent Decree adequately protects the public interest in accordance with the CWA and all other applicable federal law.

NOW THEREFORE, before the taking of any testimony upon the pleadings, without further adjudication of any issue of fact or law, and upon consent of the parties hereto by their authorized representatives, it is hereby ORDERED, ADJUDGED and DECREED as follows:

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this action and over the parties pursuant to 28 U.S.C. §§ 1331, 1345, and 1355, and CWA Section 309(b), 33 U.S.C. § 1319(b).

2. Venue is proper in the Southern District of Georgia pursuant to CWA Section 309(b), 33 U.S.C. § 1319(b), and 28 U.S.C. §§ 1391(b) and (c), because Settling Defendants conduct business in this District, the Site is located in this District, and the causes of action alleged herein arose in this District.

3. The Complaint states claims upon which relief can be granted pursuant to CWA Sections 301, 309 and 404, 33 U.S.C. §§ 1311, 1319 and 1344.

## II. APPLICABILITY

4. The obligations of this Consent Decree shall apply to and be binding upon Settling Defendants, their officers, directors, agents, employees and servants, and their successors and assigns and any person, firm, association or corporation who is, or will be, acting in concert or participation with any of the Settling Defendants whether or not such person has notice of this Consent Decree. In any action to enforce this Consent Decree against a Settling Defendant, the Settling Defendant shall not raise as a defense the failure of any of its officers, directors, agents, employees, servants, successors or assigns or any person, firm or corporation acting in concert or

participation with any Settling Defendant, to take any actions necessary to comply with the provisions hereof.

5. The transfer of ownership or other interest in the Site shall not alter or relieve any Settling Defendant of its obligation to comply with all of the terms of this Consent Decree. At least 15 days prior to the transfer of ownership or other interest in the Site, the party making such transfer shall provide written notice and a true copy of this Consent Decree to its successor in interest and shall simultaneously notify EPA and the United States Department of Justice at the addresses specified in Section X below that such notice has been given. As a condition to any such transfer, the Settling Defendant making the transfer shall reserve all rights necessary to comply with the terms of this Consent Decree.

## III. SCOPE OF CONSENT DECREE

6. This Consent Decree shall constitute a complete and final settlement of all civil claims for injunctive relief and civil penalties alleged in the Complaint against Settling Defendants under CWA Section 301 concerning the Site.

7. It is the express purpose of the parties in entering into this Consent Decree to further the objectives set forth in CWA Section 101, 33 U.S.C. § 1251. All plans, studies, construction, remedial activities, monitoring programs, or other obligations in this Consent Decree or resulting from the activities required by this Consent Decree shall have the objective of causing Settling Defendants to achieve and maintain full compliance with, and to further the purposes of, the CWA.

8. Settling Defendants' obligations with respect to restoration (but not civil penalties) under this Consent Decree are joint and several.

9. Except as in accordance with this Consent Decree, Settling Defendants and their agents, successors and assigns are enjoined from discharging any pollutant into waters of the United States, unless such discharge complies with the provisions of the CWA and its implementing regulations.

10. The parties acknowledge that Nationwide Permit ("NWP") 32, found at 61 Fed. Reg. 65,913 (Dec. 13, 1996), authorizes any fill that was placed prior to the filing of this action in the areas identified in the Restoration Plan (Exhibit C to Appendix A) to remain in place, subject to the conditions provided in the NWP and this Consent Decree. The parties further acknowledge that NWP 32 authorizes the discharge of dredged or fill material insofar as such discharge is necessary to complete the work required to be performed pursuant to this Consent Decree. Any such discharge of dredged or fill material necessary for work required by this Consent Decree shall be subject to the conditions of the NWP and this Consent Decree.

11. This Consent Decree is not and shall not be interpreted to be a permit or modification of any existing permit issued pursuant to CWA Sections 402 or 404, 33 U.S.C. §§ 1342 or 1344, or any other law. Nothing in this Consent Decree shall limit the Corps' ability to issue, modify, suspend, revoke or deny any individual permit or any nationwide or regional general permit; nor shall this Consent Decree limit EPA's ability to exercise its authority pursuant to CWA Section 404(c), 33 U.S.C. § 1344(c).

12. This Consent Decree in no way affects or relieves Settling Defendants of their responsibility to comply with any applicable federal, state, or local law, regulation or permit.

13. This Consent Decree in no way affects the rights of the United States as against any person not a party to this Consent Decree.

14. The United States reserves any and all legal and equitable remedies available to enforce the provisions of this Consent Decree and applicable law.

15. Nothing in this Consent Decree shall constitute an admission of fact or law by any party.

## IV. SPECIFIC PROVISIONS

### CIVIL PENALTIES

16. Settling Defendants shall be liable for civil penalties to the United States in the following amounts and as follows:

MGRB and Robert Sutton (in total): Five Thousand Dollars ($5,000.00), payable within thirty (30) days of entry by the Court of this Consent Decree; and

Saraland: Two Hundred Thousand Dollars ($200,000.00). The civil penalty for Saraland shall be allocated and treated as follows. The payment of the civil penalty assessed against Saraland constitutes a claim in the Chapter 11 case filed by Saraland, Case No. 12-30113-SBM ("Bankruptcy Case"). Following the District Court's approval of this Consent Decree, EPA will amend EPA's proof of claim filed in the Bankruptcy Case to reflect the agreed upon $200,000.00 civil penalty. $150,000.00 of the claim amount will be asserted as an agreed general unsecured claim, and $50,000.00 asserted as an agreed post-petition administrative priority claim. Within fifteen (15) days of EPA filing its amended proof of claim in the Bankruptcy Case, the Chapter 11 Trustee for Saraland will seek authority from the Bankruptcy Court to promptly pay the $50,000.00 administrative expense portion of this claim, with the payment to be made as soon as funds are available to the Trustee. The remaining general unsecured claim amount of $150,000.00 will be subordinated to the other timely filed general unsecured claims of record.

EPA agrees that the subordinated claim of $150,000.00 will receive payment from the Saraland bankruptcy estate only if and after the other timely filed general unsecured claims are paid in full.

17.     Settling Defendants shall make the above-referenced payments by FedWire Electronic Funds Transfer ("EFT" or wire transfer) to the United States Department of Justice account in accordance with current electronic funds transfer procedures, referencing U.S.A.O. file number (_____), EPA Region 4, and the DOJ case number 90-5-1-1-18422. Payment shall be made in accordance with instructions provided to Settling Defendants by the Financial Litigation Unit of the United States Attorney's Office for the Southern District of Georgia. Any payment received by the Department of Justice after 4:00 P.M. (Eastern Time) will be credited on the next business day.

18.     Upon payment of the civil penalties required by this Consent Decree, Settling Defendants shall provide written notice at the addresses specified in Section X of this Consent Decree that such payment was made in accordance with Paragraphs 17 and 18.

19.     Civil penalty payments pursuant to this Consent Decree (including any stipulated penalty payments under Section IX) are penalties within the meaning of Section 162(f) of the Internal Revenue Code, 26 U.S.C. § 162(f), or of 26 C.F.R. § 1.162-21, and are not tax deductible expenditures for purposes of federal law.

## RESTORATION

20.     Settling Defendants have already taken action to drain the impoundment at issue in this case, thereby reducing the impacts of their alleged unlawful actions to the dam footprint and to impacts to several hundred feet of tributaries and adjacent wetlands on the Site that flow into Gum Swamp Creek. To remediate such impacts, Settling Defendants shall perform

restoration under the terms and conditions stated in the Restoration Plan (Exhibit C to Appendix A) appended hereto and incorporated herein by reference.

21.     Upon completion of the terms and conditions of the Restoration Plan (Ex. C to Appendix A), Settling Defendants shall not mow, cut, clear, cultivate, dredge, excavate, farm, fill, de-water, drain or otherwise disturb in any manner whatsoever any location identified in Appendix A, except as approved in advance by EPA.

22.     Any deed, title, or other instrument transferring or conveying an interest in any property subject to restoration under this Decree shall contain a notice stating that the property is subject to this Consent Decree and any restrictions applicable to said property under this Consent Decree.

## V. NOTICES AND OTHER SUBMISSIONS

23.     Within thirty (30) days after the deadline for completing any task set forth in the Restoration Plan (Ex. C to Appendix A of this Consent Decree), Settling Defendants shall provide the United States with written notice, at the addresses specified in Section X of this Consent Decree, of whether that task has been completed.

24.     If the required task has been completed, the notice shall specify the date when it was completed, and explain the reasons for any delay in completion beyond the scheduled time for such completion required by the Consent Decree.

25.     In all notices, documents or reports submitted to the United States pursuant to this Consent Decree, Settling Defendants shall certify such notices, documents and reports as follows:

> I certify under penalty of law that this document and all attachments were
> prepared under my direction or supervision in accordance with a system designed

to assure that qualified personnel properly gather and evaluate the information submitted. Based on my inquiry of the person or persons who manage the system, or those persons directly responsible for gathering such information, the information submitted is, to the best of my knowledge and belief, true, accurate and complete. I am aware that there are significant penalties for submitting false information, including the possibility of fine and imprisonment for knowing violations.

## VI. RETENTION OF RECORDS AND RIGHT OF ENTRY

26. Until three years after entry of this Consent Decree, Settling Defendants shall preserve and retain all records and documents now in their possession or control or which come into their possession or control that relate in any manner to the performance of the tasks in Ex. C to Appendix A, regardless of any retention policy to the contrary. Until three years after entry of this Consent Decree, Settling Defendants shall also instruct their contractors and agents to preserve all documents, records, and information of whatever kind, nature or description relating to the performance of the tasks in the Restoration Plan (Ex. C to Appendix A).

27. At the conclusion of the document retention period, Settling Defendants shall notify the United States at least 90 days prior to the destruction of any such records or documents, and, upon request by the United States, Settling Defendants shall deliver any such records or documents to EPA.

28. A. Until termination of this Consent Decree, the United States and its authorized representatives and contractors shall have authority at all reasonable times to enter the Site to:

    1) Monitor the activities required by this Consent Decree;

    2) Verify any data or information submitted to the United States;

    3) Obtain samples;

    4) Inspect and evaluate Settling Defendants' restoration activities; and

5) Inspect and review any records required to be kept under the terms and conditions of this Consent Decree and the CWA.

B. This provision is in addition to, and in no way limits or otherwise affects, the statutory authorities of the United States to conduct inspections, to require monitoring and to obtain information from Settling Defendants as authorized by law.

## VII. DISPUTE RESOLUTION

29. Any dispute that arises with respect to the meaning or requirements of this Consent Decree shall be, in the first instance, the subject of informal negotiations between the United States and any Settling Defendant affected by the dispute to attempt to resolve such dispute. The period for informal negotiations shall not extend beyond thirty (30) days beginning with written notice by one party to the other affected party or parties that a dispute exists, unless agreed to in writing by those parties. If a dispute between the United States and any Settling Defendant cannot be resolved by informal negotiations, then the position advanced by the United States shall be considered binding unless, within thirty (30) days after the end of the informal negotiations period, such Settling Defendant files a motion with the Court seeking resolution of the dispute. The motion shall set forth the nature of the dispute and a proposal for its resolution. The United States shall have thirty (30) days to respond to the motion and propose an alternate resolution. In resolving any such dispute, such Settling Defendant shall bear the burden of proving by a preponderance of the evidence that the United States' position is not in accordance with the objectives of this Consent Decree and the CWA, and that such Settling Defendant's position will achieve compliance with the terms and conditions of this Consent Decree and the CWA.

30. If the United States believes that a dispute is not a good faith dispute or that a delay would pose or increase a threat of harm to the public or the environment, it may move the Court for a resolution of the dispute prior to the expiration of the 30-day period for informal negotiations. Settling Defendants shall have fourteen (14) days to respond to the motion and propose an alternate resolution.

31. The filing of a motion asking the Court to resolve a dispute shall not extend or postpone any obligation of Settling Defendants under this Consent Decree, except as provided in Paragraph 39 below regarding payment of stipulated penalties.

## VIII. FORCE MAJEURE

32. Settling Defendants shall perform the actions required under this Consent Decree within the time limits set forth or approved herein, unless the performance is prevented or delayed solely by events that constitute a Force Majeure event. A Force Majeure event is defined as any event arising from causes beyond the control of Settling Defendants, including their employees, agents, consultants and contractors, which could not be overcome by due diligence and which delays or prevents the performance of an action required by this Consent Decree within the specified time period. A Force Majeure event does not include, inter alia, increased costs of performance, changed economic circumstances, changed labor relations, normal precipitation or climate events, changed circumstances arising out of the sale, lease or other transfer or conveyance of title or ownership or possession of the Site, or failure to obtain federal, state or local permits.

33. If any Settling Defendant believes that a Force Majeure event has affected its ability to perform any action required under this Consent Decree, it shall notify the United States in writing within seven (7) calendar days after the event at the addresses listed in Section X. Such notice shall include a discussion of the following:

    A. what action has been affected;

    B. the specific cause(s) of the delay;

    C. the length or estimated duration of the delay; and

    D. any measure taken or planned by Settling Defendants to prevent or minimize the delay and a schedule for the implementation of such measures.

Settling Defendants may also provide to the United States any additional information that they deem appropriate to support their conclusion that a Force Majeure event has affected their ability to perform an action required under this Consent Decree. Failure to provide timely and complete notification to the United States shall constitute a waiver of any claim of Force Majeure as to the event in question.

34. If the United States determines that any condition constitutes a Force Majeure event, then the deadline for the affected action shall be extended by the amount of time of the delay caused by the Force Majeure event. Settling Defendants shall coordinate with EPA to determine when to begin or resume the operation affected by any Force Majeure event.

35. If the parties are unable to agree whether any condition constitutes a Force Majeure event, or whether the length of time for fulfilling the provision of the Consent Decree at issue should be extended, any party may seek a resolution of the dispute under the procedures in Section VII of this Consent Decree.

36. Settling Defendants shall bear the burden of proving (1) that the noncompliance at issue was caused by circumstances entirely beyond their control; (2) that Settling Defendants or any entity controlled by them could not have foreseen and prevented such noncompliance; and (3) the number of days of noncompliance that were caused by such circumstances.

## IX. STIPULATED PENALTIES

37. After entry of this Consent Decree, if any Settling Defendant fails to timely fulfill any requirement of the Consent Decree (including Appendix A and its exhibits), the United States shall provide written notice to such Settling Defendant of that default. The Settling Defendant in default shall have thirty (30) days to cure that default and provide notice of the default cure to the United States. In the event that the defaulting Settling Defendant fails to cure the default within thirty (30) days of the above notice, said Settling Defendant shall pay a stipulated penalty to the United States for each violation of each requirement of this Consent Decree as follows:

| | | |
|---|---|---|
| A. | For Day 1 up to and including Day 30 of non-compliance | $100.00 per day |
| B. | For Day 31 up to and including Day 60 of non-compliance | $200.00 per day |
| C. | For Day 61 and beyond of non-compliance | $500.00 per day |

Such payments shall be made without demand by the United States on or before the last day of the month following the month in which the stipulated penalty accrued.

38. Any dispute concerning the amount of stipulated penalties, or the underlying violation that gives rise to stipulated penalties, that cannot be resolved by the parties pursuant to

the Dispute Resolution provisions in Section VII and/or the Force Majeure provisions in Section VIII shall be resolved upon motion to this Court as provided in Paragraphs 29 and 30.

39. The filing of a motion requesting that the Court resolve a dispute shall stay Settling Defendants' obligation to pay any stipulated penalties with respect to the disputed matter pending resolution of the dispute. Notwithstanding any stay of payment, stipulated penalties shall continue to accrue from the first day of any failure or refusal to comply with any term or condition of this Consent Decree. In the event that Settling Defendants do not prevail on the disputed issue, stipulated penalties shall be paid by them as provided in this Section IX.

40. To the extent that Settling Defendants demonstrate to the Court that a delay or other non-compliance was due to a Force Majeure event (as defined in Paragraph 32 above) or otherwise prevail on the disputed issue, the Court shall excuse the stipulated penalties for that delay or non-compliance.

41. In the event that a stipulated penalty payment is applicable and not made on time, interest will be charged in accordance with the statutory judgment interest rate provided for in 28 U.S.C. § 1961. The interest shall be computed daily from the time the payment is due until the date the payment is made. The interest shall also be compounded annually.

42. Settling Defendants shall make any payment of a stipulated penalty by FedWire Electronic Funds Transfer ("EFT" or wire transfer) to the United States Department of Justice account in accordance with current electronic funds transfer procedures, referencing U.S.A.O. file number (_____), EPA Region 4 and the DOJ case number 90-5-1-1-18422. Payment shall be made in accordance with instructions provided to Settling Defendants by the Financial Litigation Unit of the United States Attorney's Office for the Southern District of Georgia. Any payments

received by the Department of Justice after 4:00 P.M. (Eastern Time) will be credited on the next business day. Upon payment of any stipulated penalties, Settling Defendants shall provide written notice, at the addresses specified in Section X of this Decree.

## X. ADDRESSES

43. All notices and communications required under this Consent Decree shall be made to the parties through each of the following persons and addresses:

A.     TO EPA:

    (1)     Philip Mancusi-Ungaro
           Assistant Regional Counsel
           United States Environmental Protection Agency
           Region 4
           61 Forsyth Street, S.W.
           Atlanta, Georgia 30303

    (2)     Chief, Marine Regulatory and Wetlands Enforcement Section
           Water Protection Division
           U.S. Environmental Protection Agency, Region 4
           Water Management Division
           61 Forsyth Street, SW
           Atlanta, GA 30303

B.     **TO THE UNITED STATES DEPARTMENT OF JUSTICE**

        Martin F. McDermott, Attorney
        Martha C. Mann, Attorney
        Environmental Defense Section
        Environment and Natural Resources Division
        U.S. Department of Justice
        P.O. Box 7611
        Washington, D.C. 20044

C.     **TO SETTLING DEFENDANTS:**

        For SARALAND, LLLP:

        Todd Boudreaux, Chapter 11 Trustee for Defendant Saraland, LLLP
        Shepard, Plunkett, Hamilton

& Boudreaux, LLP
7013 Evans Town Center Blvd., Suite 303
Evans, GA 30809
Telephone: (706) 869-1334
Fax: (706) 868-6788
tboudreaux@shepardplunkett.com

For MIDDLE GEORGIA ROAD BUILDERS, INC.:

John Flanders Kennedy, Counsel for Defendant MGRB
James Bates Brannan Groover LLP
231 Riverside Dr.
Macon, GA 31201
Telephone: (478)749-9981
Fax: (478) 742-8720
jkennedy@jamesbatesllp.com


For ROBERT SUTTON:

James C. Garner, Counsel for Robert Sutton

Smith & Garner, LLC
1808 Bellevue Road
Dublin, GA 31021
Telephone: (478) 304-1451
Fax: (478) 304-1455
jcgarner@smithgarner.com

## XI. COSTS OF SUIT

44.     Each party to this Consent Decree shall bear its own costs and attorneys' fees in this action. Should Settling Defendants subsequently be determined by the Court to have violated the terms or conditions of this Consent Decree, they shall be liable for any costs or attorneys' fees incurred by the United States in any action against them for noncompliance with or enforcement of this Consent Decree.

## XII. PUBLIC COMMENT

45. The parties acknowledge that after the lodging but before entry of this Consent Decree, final approval by the United States is subject to the requirements of 28 C.F.R. § 50.7, which provides for public notice and comment. The United States reserves the right to withhold or withdraw its consent to the entry of this Consent Decree if the comments received disclose facts that lead the United States to conclude that the proposed judgment is inappropriate, improper, or inadequate. Settling Defendants agree not to withdraw from, oppose entry of, or challenge any provision of this Consent Decree, unless the United States has notified Settling Defendants in writing that it no longer supports entry of the Consent Decree.

## XIII. CONTINUING JURISDICTION OF THE COURT

46. This Court shall retain jurisdiction over this action in order to enforce or modify the Consent Decree consistent with applicable law or to resolve all disputes arising hereunder as may be necessary or appropriate for construction or execution of this Consent Decree. During the pendency of the Consent Decree, any party may apply to the Court for any relief necessary to construe and effectuate the Consent Decree.

## XIV. MODIFICATION

47. Upon its entry by the Court, this Consent Decree shall have the force and effect of a final judgment. Any modification of this Consent Decree shall be in writing, and shall not take effect unless signed by both the United States and Settling Defendants and approved by the Court.

## XV. TERMINATION

48. Except for Paragraph 21, this Consent Decree may be terminated by either of the following:

A. Settling Defendants and the United States may at any time make a joint motion to the Court for termination of this Decree or any portion of it; or

B. Settling Defendants may make a unilateral motion to the Court to terminate this Decree after each of the following has occurred:

1. Settling Defendants have obtained and maintained compliance with all provisions of this Consent Decree and the CWA for 12 consecutive months;

2. Settling Defendants have paid all penalties and other monetary obligations hereunder and no penalties or other monetary obligations are outstanding or owed to the United States;

3. Settling Defendants have certified compliance pursuant to subparagraphs 1 and 2 above to the Court and all Parties; and

4. Within 45 days of receiving such certification from Settling Defendants, EPA has not contested in writing that such compliance has been achieved. If EPA disputes any Settling Defendant's full compliance, this Consent Decree shall remain in effect pending resolution of the dispute by the Parties or the Court.

IT IS SO ORDERED.

Dated and entered this 2nd day of November, 2015.

                                                           _____
                                                           United States District Judge